Ryan Lee, Esq. (SBN 235879)
Nick Bontrager, Esq. (SBN 252114)
Krohn & Moss, Ltd.
10635 Santa Monica Blvd. Ste. 170
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
nbontrager@consumerlawcenter.com
Attorneys for Plaintiff

**IN THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA- SACRAMENTO DIVISION**

| | |
|---|---|
| DONNA BLAKE, | ) Case No.: |
| | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| vs. | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| NCO FINANCIAL SYSTEMS, INC, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

DONNA BLAKE (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NCO FINANCIAL SYSTEMS, INC. (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).  According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively

- 1 -

COMPLAINT

disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e)*.

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy".

5. Because Defendant maintains a business office and conducts business in the state of California, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Tucson, Pima County, Arizona and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a national company with a business office in Rancho Cordova, Sacramento County, California.

10. Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

**FACTUAL ALLEGATIONS**

11. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt (see letter from Plaintiff's neighbor attached hereto as Exhibit "A").

12. Defendant constantly and continuously places collection calls to Plaintiff at the number (520) 327-5760.

13. Defendant placed approximately ten (10) collection calls per day to Plaintiff for three (3) straight weeks seeking and demanding payment for an alleged debt.

14. Defendant threatened to file a lawsuit against Plaintiff. To date no lawsuit has been filed.

15. Defendant threatened to garnish Plaintiff's wages. To date Plaintiff's wages have yet to be garnished.

16. Defendant threatened to Plaintiff that they would "take her home" and stated that Plaintiff "had no right to live in a house" while seeking and demanding payment for an alleged debt.

17. Plaintiff sent a letter request Defendant verify and validate the debt. Defendant sent no response.

18. Defendant failed to provide Plaintiff with a 30 day validation.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692c(c)* of the FDCPA by communicating with Plaintiff after receiving written notification that Plaintiff wants Defendant to cease communications.

   b. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural

- 3 -

consequence of which is to harass, oppress, or abuse the Plaintiff.

    c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring and engaging Plaintiff in telephone conversations repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    d. Defendant violated *§1692e* of the FDCPA by using false, deceptive and misleading representation and means in connection with the debt collection.

    e. Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that is not intended to be taken.

20. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit "B").

WHEREFORE, Plaintiff, DONNA BLAKE, respectfully requests judgment be entered against Defendant, NCO FINANCIAL SYSTEMS, INC., for the following:

21. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

22. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

23. Actual damages,

24. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

25. Any other relief that this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DONNA BLAKE, demands a jury trial in this cause of action.

                              RESPECTFULLY SUBMITTED,

DATED: January 12, 2009         KROHN & MOSS, LTD.


                        By:  /s/ Ryan Lee                                  _
                             Ryan Lee
                             Attorney for Plaintiff

COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, DONNA BLAKE, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, DONNA BLAKE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 1/12/09            _____
                              DONNA BLAKE

# EXHIBIT A

January 12, 2009

Ref: Donna Blake

To Whom It May Concern:

I am a neighbor and concerned friend of the above person, Donna Blake. Because she is my friend, and has confided in me about her financial problems, I am willing to write this letter on her behalf.

During the past six months I have witnessed her being called daily, many times each day and night, by collection agencies. In attempting to get her to pay them, these people were aggressive, telling her they would sue her if she did not pay them, and calling on her home and business telephones.

The stress and fear of lawsuits, along with the difficult health issues she had been dealing with, caused me concern for her wellbeing. She was even called after requesting them to stop calling, which she did by phone and in writing. This harassment has been very difficult for Donna, who is a decent and honorable person.

Sincerely,

*Renate Stepina*
Renate Stepina

# EXHIBIT B

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** / NO
2. Fear of answering the telephone — **YES** / NO
3. Nervousness — **YES** / NO
4. Fear of answering the door — **YES** / NO
5. Embarrassment when speaking with family or friends — **YES** / NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** / NO
7. Chest pains — **YES** / NO
8. Feelings of hopelessness, pessimism — **YES** / NO
9. Feelings of guilt, worthlessness, helplessness — **YES** / NO
10. Appetite and/or weight loss or overeating and weight gain — **YES** / NO
11. Thoughts of death, suicide or suicide attempts — **YES** / NO
12. Restlessness or irritability — **YES** / NO
13. Headache, nausea, chronic pain or fatigue — **YES** / NO
14. Negative impact on my job — **YES** / NO
15. Negative impact on my relationships — **YES** / NO

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _I had excellent credit and now collections has placed numerous negative notices against me. The stress has caused me to become very easily dehydrated, with increased metabolism. I am very much afraid of being re-hospitalized with kidney stones again._

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: _1/12/09_    _Donna Blake_
                    Signed Name

                    _Donna Blake_
                    Printed Name